THE STATE, JOEL JENKINS, PROSECUTOR, v. JOHN C CREVIER.

A suit will not lie in the District Court of the county of Hudson for a trespass to lands in the county of Essex.

On *certiorari* to the District Court of the county of Hudson.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Russ & Heppenheimer*.

For the defendant, *Niven & Minturn*.

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action instituted in the District Court of Hudson county for trespass to lands lying in the county of Essex.   The defendant resides in Essex, but was served with process in Hudson county while temporarily there.   The question involved is whether suit will lie in the District Court of the county of Hudson for a trespass to lands in Essex.

The District Court act of 1878 (*Rev. Sup., p.* 256, *pl.* 180), provides " that every suit of a civil nature at law, where the debt, balance, or other matter in dispute does not exceed, exclusive of costs, the sum or value of $200, shall be cognizable in any District Court of this state, in the cities where they may be established, although the cause of action did not arise in said city ; said District Courts shall have jurisdiction, exclusive of all other courts whatsoever, except the Circuit Court of the county or counties wherein said District Court may be established, in all cases arising under this act, where the party defendant resides within the corporate limits of the city wherein said court or courts shall be established; provided always, that this act shall not extend to any action of replevin, slander, trespass, for assault, battery or imprisonment, nor to any action wherein the title to any lands, tenements, hereditaments or real estate shall or may in anywise come in question."

The supplement of 1882 (*Rev. Sup., p.* 261, *pl.* 213) provides that the jurisdiction of the District Court shall be extended to every suit of a civil nature at law in which the

debt, balance, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of $300; provided that it shall not be construed to extend to or embrace any suit or action where the title to lands and real estate shall come in question.

The provision that the District Court shall have jurisdiction exclusive of all courts, except the Circuit Court of the county, by implication restricts such jurisdiction to such cases as the Circuit Court of the county can take cognizance of. It is equivalent to saying that the District Court shall, in the specified instances, have jurisdiction concurrent with the Circuit Court, and not in excess of that court.

The controversy in this case, therefore, resolves itself into the question whether a suit could be maintained in the Hudson county Circuit Court for trespass to lands in Essex county.

The action of trespass for breaking a close is a local action, and must not only be brought in the county where the land lies, but it must appear on the record that the trespass was committed in the county. *Champion* v. *Doughty*, 3 *Harr.* 3; *Deacon* v. *Shreve*, 3 *Zab.* 204; *Practice Act*, § 229; *Rev., p.* 883.

This action could not have been maintained in the Hudson county Circuit Court, and is therefore without the jurisdiction of the District Court of Hudson county. Otherwise the District Court of Hudson county might entertain a suit for trespass to lands in the county of Cape May, if the defendant should chance to come within reach of its process. A jurisdiction which by careful provision has been withheld from the Circuit Court will not be adjudged to exist in an inferior tribunal, in the absence of language clearly bestowing it. The words in the District Court act of 1878, " although the cause of action did not arise in said city," were used to bring within the cognizance of the.court all causes of action arising within the county.

The case of *Funck* v. *Smith*, 17 *Vroom* 484, relied upon by the defendant, involved the question of jurisdiction over the person. Justice Dixon, in deciding that case, adverted to the distinction between jurisdiction over subject matter and juris-

Hoetzel v. East Orange.

diction over persons. As to the latter, the persons who may not be compelled to submit to the jurisdiction may waive their privilege, which is personal, and will be deemed to have waived it if they go to trial without objection. A want of jurisdiction over the subject matter is fundamental. It appears in the record in this case and may be taken advantage of at any time.

On the trial below, the District Court permitted the plaintiff to amend his declaration by claiming damages for the physical condition of the plaintiff produced by the entry of the defendant upon the *locus in quo*. If the District Court had jurisdiction of the case so far as to enable it to make the amendment, the amended declaration still left in issue the question of trespass to lands in Essex county. The District Court should have granted the motion made by defendant to dismiss the suit. The judgment below should be reversed, with costs.